07-5337-cv
Soto v. ECC Industries Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand nine.

PRESENT: RALPH K. WINTER,
     REENA RAGGI,
     DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

-----------------------------------------------------------------------

EDDIE LUIS SOTO,

      *Plaintiff-Appellant*,

    v.               No. 07-5337-cv

ECC INDUSTRIES, INC., LOCAL 32B-32J SERVICE EMPLOYEES INT'L UNION,

      *Defendants-Appellee*s,

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:  EDDIE LUIS SOTO, *pro se*, Brooklyn, New York.

APPEARING FOR APPELLEES:  ANDREW L. STROM, Office of the General Counsel, Service Employees International Union, New York, New York, *for Local 32B-32J*.

             RICHARD B. ZISKIN, The Ziskin Law Firm,

Appeal from the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 1, 2007, is AFFIRMED.

Appellant Eddie Luis Soto, pro se, appeals from an award of summary judgment in favor of defendants Local 32B-32J (the "Union") and ECC Industries, Inc. ("ECC") on plaintiff's hybrid claim under § 301 of the Labor Management Relations Act alleging that (1) the Union breached its duty of fair representation, and (2) ECC, Soto's former employer, violated its collective bargaining agreement with the Union. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review de novo an award of summary judgment, and we will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine issue as to any material fact and the moving party's entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); White River Amusement Pub, Inc. v. Town of Hartford, 481 F.3d 163, 167 (2d Cir. 2007).

Soto recognizes that to prevail on a hybrid § 301/duty of fair representation claim against defendants, he must demonstrate both (1) that his employer breached its collective bargaining agreement, and (2) that his union breached its duty of fair representation. See Sanozky v. Int'l Ass'n of Machinists and Aerospace Workers, 415 F.3d 279, 282 (2d Cir.

2005) (emphasis added); see also DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983). Soto submits that the district court erred in concluding that he failed to raise a material issue of fact on the fair-representation prong. We are not persuaded.

"[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998) (citing Vaca v. Sipes, 386 U.S. 171, 190 (1967)). "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." Sanozky v. Int'l Ass'n of Machinists and Aerospace Workers, 415 F.3d at 282-83 (internal quotation marks and alteration omitted).

In considering whether to pursue Soto's discharge grievance, the Union knew the following facts, among others: (1) in 2003, Soto was issued a final warning letter reprimanding him for insubordination and making inappropriate comments at work and serving notice that he would be fired immediately for committing any such actions in the future, and (2) Soto was discharged based on allegations that he was insubordinate and that he made a gesture threatening violence. Soto denied making the threatening gesture but offered no explanation to mitigate the charge of insubordination and generally refused to cooperate with the Union's inquiry into the incident at issue.[1] To the extent Soto has

---

[1] Because those portions of Soto's response affidavit arguing, inter alia, that he objected to the 2003 final warning letter and received union assurance that the warning would be withdrawn contradicted his deposition testimony, the district court properly refused to credit those statements for purposes of summary judgment. See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("[F]actual allegations that might otherwise defeat a motion for summary

3

suggested that he perceived the Union to have been hostile to him, that conclusory assertion lacks record support. In any event, like the district court, we conclude as a matter of law that the record does not permit a reasonable finding that the Union's decision not to pursue Soto's grievance was irrational. See, e.g., Mach v. Otis Elevator Co., 326 F.3d 116, 129 (2d Cir. 2003) (affirming district court's dismissal of plaintiff's duty-to-represent claim where record showed plaintiff failed to adhere to or otherwise cooperate with union grievance procedures); cf. Republic Steel Corp. v. Maddox, 379 U.S. 650, 652-53 (1965) (holding that an "employee must afford the union the opportunity to act on his behalf").

Because Soto failed to raise a material issue of fact on the fair representation prong of his hybrid claim, the district court's award of summary judgment in favor of defendants is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____

---

judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [his] own prior deposition testimony.").